# UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
# CHAPTER 13 PLAN

Debtor(s) ____William L. Douglas____    Case No.: 8:11-bk-12773-MGW

_____

[ _#_ Amended (if applicable)] Chapter 13 Plan

**1. MONTHLY PLAN PAYMENTS:** Including Trustee's fee of 10% and beginning thirty (30) days from filing/conversion date. Debtor [1] to pay to the Trustee for the period of __60__ months. In the event the Trustee does not retain the full 10%, any portion not retained will be paid to unsecured creditors pro-rata under the plan:

A.  $ 151.00  for months __1__ to __60__;
B.  $_____ for months _____ to _____;
C.  $_____ for months _____ to _____;

in order to pay the following creditors:

**2. ADMINISTRATIVE ATTORNEY FEE:** $ 2,400.00  TOTAL PAID $ 1,600.00

**Balance Due $ 800.00**          **Payable Through Plan $_____ Monthly**

**3. PRIORITY CLAIMS: [as defined in 11 U.S.C. §507]**

**Name of Creditor**                                                      **Total Claim**

_____
_____
_____
_____

**TRUSTEE FEES:** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**SECURED CLAIMS:**

**Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor makes such adequate protection payments on allowed

---
[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection.

**Name of Creditor**          **Collateral**     **Adequate Protection Payment in Plan**

_____

_____

_____

_____

**(A)  Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments Paid Through the Plan:** Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

**Name of Creditor**   **Security**    **Collateral**           **Estimated Payment**

_____

_____

_____

_____

**(B)  Claims Secured by Real Property Which Debtor Intend(s) to Retain / Arrearages Paid Through the Plan:** In addition to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims:

**Name of Creditor**   **Security**    **Collateral**              **Arrearages**

_____

_____

_____

_____

**(C) Claims Secured by Personal Property to Which Section 506 Valuation is NOT Applicable Secured Balances:** Upon confirmation of the Plan, the interest rate shown below or as modified will be binding unless a timely written objection to

confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| Creditor | Collateral | Ad.Prot.Pmt. | Sec. Balance | Interest @ _____% |
|----------|------------|--------------|--------------|-------------------|
|          |            |              |              |                   |
|          |            |              |              |                   |
|          |            |              |              |                   |
|          |            |              |              |                   |

**(D) Claims Secured by Personal Property to Which Section 506 Valuation is Applicable:**

| Creditor | Collateral | Ad.Prot.Pmt.in Plan | Value | Interest @ _____% |
|----------|------------|---------------------|-------|-------------------|
|          |            |                     |       |                   |
|          |            |                     |       |                   |
|          |            |                     |       |                   |
|          |            |                     |       |                   |

**(E) Claims Secured by Personal Property: Regular Adequate Protection Payments and any Arrearages Paid in Plan:**

| Name of Creditor | Collateral | Ad. Prot. Pmt.in Plan | Arrearages |
|------------------|------------|-----------------------|------------|
|                  |            |                       |            |
|                  |            |                       |            |
|                  |            |                       |            |

**(F) Secured Claims/Lease Claims Paid Direct by the Debtor:** The following secured claims/lease claims are to be paid direct to the creditor or lessor by the Debtor outside the Plan. The automatic stay is terminated *in rem* as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate any codebtor stay or to abrogate the Debtor's state law contract rights. The Plan must provide for the assumption of lease claims in the Lease/Executory Contract section below.

| Name of Creditor | Property/Collateral |
|------------------|---------------------|
| Wells Fargo      | 4913 30th Ave. E. |
|                  | Bradenton, FL       |

**(G) Surrender of Collateral/Leased Property:** Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. The automatic stay is terminated *in rem* as to these creditors/lessors upon the filing of this Plan. Nothing herein is intended to lift any

3

applicable codebtor stay or to abrogate Debtor's state law contract rights. The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.

**Name of Creditor**                       **Property/Collateral to be Surrendered**

_____
_____
_____
_____
_____

## SECURED - LIENS TO BE AVOIDED/STRIPPED:

**Name of Creditor**       **Collateral**       **Estimated Amount**

_____
_____
_____
_____
_____

## LEASE/EXECUTORY CONTRACTS:

**Name of Creditor**     **Property**     **Assume/Reject-Surrender**     **Estimated Arrears**

_____
_____
_____

**UNSECURED CREDITORS:** Unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors is $8,000.00.

## ADDTIONAL PROVISIONS:

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payments to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise.

5. Case Specific Provisions _____

_____

_____

## DECLARATION

I, William L. Douglas, debtor in this case, declare under penalty of perjury that I have read the foregoing Chapter 13 Plan, consisting of 6 sheets, and that it is true and correct to the best of my information and belief.

Signature: _William L. Douglas_ Date: 6-15-11

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the Chapter 13 Plan has been served electronically or by regular U.S. mail to the debtors, William L. Douglas, 4913 30th Ave. E., Bradenton, FL 34208; United States Trustee, 501 E. Polk Street, Ste. 1200, Tampa, FL 33602; and Chapter 13 Trustee, Terry E. Smith, P.O. Box 25001, Sun City Center, FL 33571 OR Jon M. Waage, P.O. Box 25001, Bradenton, FL 34206-5001 this _____ day of July, 2011.

Benjamin G. Martin
Attorney at Law
1620 Main Street, Suite One
Sarasota, Florida 34236
(941) 951-6166
Florida Bar No. 464661